**LESLIE CHRISTOPHER, Plaintiff**

v.

**RUPERT TUITT, Defendant**

Civil No. 7/1983

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

December 5, 1983

ALEXANDER A. FARRELLY, ESQ. (BIRCH, DEJONGH & FARRELLY), St. Thomas, V.I., *for plaintiff*

HERBERT MURIEL, ESQ., St. Thomas, V.I., *for defendant*

MEYERS, *Judge*

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant Robert Tuitt's oppo-

sition to motion for return of personal property on the ground that the statutory provisions of Virgin Islands Code, Title 5, § 211 et seq., with respect to claim and delivery of personal property are unconstitutional.

The undisputed facts are as follows. Plaintiff took his vehicle to defendant's auto body-repair shop for some mechanical repairs. After the repairs allegedly were completed, a dispute arose as to the amount due and owing for the costs of the repairs. As a result of the dispute, the defendant retained the plaintiff's vehicle as security for payment of the repairs. Whereupon the plaintiff filed the instant action for breach of contract and subsequently filed a motion for return of personal property. The Court, on June 15, 1983, entered judgment granting plaintiff's motion and ordered, inter alia, that "Defendant . . . be given an opportunity to be heard on his objections, if any, to Plaintiff's motion; and . . . that upon the defendant . . . [being] heard, the Territorial Marshall forthwith take the property . . . ."

## DISCUSSION

In the instant case, the plaintiff filed his motion for return of personal property on March 28, 1983, and on June 15, 1983, the Court granted the motion. On August 29, 1983, the defendant filed the instant opposition. Before turning to the merits of defendant's motion, the Court would like to direct defense counsel's attention to 5 V.I.C. App. IV, R. 7 which states, in pertinent part, that "[t]he practice and procedure in the territorial court shall conform as nearly as may be to that in the district court in like causes, *except* where there is an express provision in the law or these rules to the contrary." (Emphasis added.) Since the above exception is not applicable to this matter, we now turn our attention to 5 V.I.C. App. V, R. 6(f) which states, in pertinent part, that "[i]f the respondent opposes a motion, he shall file his response . . . within five (5) days after service of the motion." Certainly the passing of approximately three months from the filing of plaintiff's motion to the filing of defendant's opposition is inexcusable as the defendant could have sought an enlargement of time, pursuant to 5 V.I.C. App. IV, Rule 10. This the defendant failed to do. Hence, the Court, under normal circumstances, need not even consider the defendant's belated motion. However, due to the claims raised, the Court shall construe the defendant's opposition as a motion to reconsider the Court's judgment.

The defendant contends that the statutory provisions of Virgin

Islands law dealing with a claim and delivery of personal property, i.e., 5 V.I.C. § 211, et seq., are unconstitutional on due process grounds in that the "statute . . . provides the plaintiff with a unilateral private advantage [since it] makes no provision for a judicial determination authorizing prejudgment seizure of the property [before it is done]."

■ It is a well-settled principle of law that a court need not decide a constitutional question although properly presented, if there is some other ground upon which the case may be disposed of. Thus, if a case can be decided on either of two grounds—one involving a constitutional question, the other a question of statutory construction or general law—the Court will decide on the latter ground only. Alexander v. Tennessee Valley Auth., 297 U.S. 288, 347 (1936).

In the instant case, the Court need not reach the defendant's constitutional claims as there is an adequate non-constitutional basis wherein the controversy can be resolved.

■ In Beaupierre v. Industrious, 19 V.I. 424 (Terr. Ct. St. T. and St. J., 1983), one of the issues before the court was whether mechanics and auto-repair shop owners are free to retain possession of a vehicle for an indefinite period of time once the vehicle has been repaired and the repair bill remains unpaid. The court answered in the negative and held that there were certain conditions precedent which the auto-repair shop owners must fulfill before they are able to enjoy the protection of the mechanics lien law as contained in 28 V.I.C. § 581 et seq. Moreover, the court held that, even when those conditions precedent were fulfilled, the auto-repairers' lien has a limited life-span of "six months from the date of recording, unless an action to enforce the lien is commenced within that time. 28 V.I.C. § 586." Id. at 425.

■ In the instant case, there is no evidence whatsoever that the defendant had complied with any of the provisions of the mechanics lien statute. Hence his retention of the plaintiff's vehicle was not only wrongful, but may also "render[ ] him liable in damages to the plaintiff for its conversion." Id. at 427. Accordingly, it is

ORDERED that the defendant's motion is DENIED; and it is further

ORDERED that the defendant shall *forthwith* turn over possession of the vehicle, in a working mechanical condition, to the Territorial Marshal's Office; and it is further

ORDERED that, upon receiving possession of the vehicle, the

Territorial Marshal's Office shall release it to the plaintiff, *forthwith*; and it is further

ORDERED that a copy of this order be served on the defendant *forthwith*, and that copies be directed to his attorney, the plaintiff's attorney, and the Territorial Marshal's Office.